IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-HC-2046-F

| | |
|---|---|
| ROBERT ANDREW BARTLETT, SR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>FRANK L. PERRY, )<br>)<br>Respondent. ) | ORDER |

This matter arises from the petition for writ of habeas corpus [DE-1], pursuant to 28 U.S.C. § 2254, filed by Petitioner, a state prisoner proceeding pro se. Presently before the court are the parties' cross-motions for summary judgment [DE-8, 12]. For the following reasons, Respondent's motion for summary judgment [DE-8] is ALLOWED, Petitioner's motion for summary judgment [DE-12] is DENIED, and the petition is DISMISSED.

### STATEMENT OF THE CASE

Petitioner is a state inmate currently serving a life sentence for three counts of first-degree sexual offense. State v. Bartlett, 571 S.E.2d 28 (N.C. App. 2002), review denied, 356 N.C. 679, 577 S.E.2d 892 (2003). On March 7, 2014, Petitioner filed this action pursuant to 28 U.S.C. § 2254, challenging a March 11, 2013 prison disciplinary conviction he received for negligently failing to perform his assigned duties, a D-02 disciplinary offense. Pet. [DE-1], p. 1. As a result of his conviction, Petitioner, *inter alia*, lost ten days of sentence reduction credits. Resp't. Ex. 1 [DE-9-2], p. 20. Petitioner's disciplinary conviction was affirmed on appeal on April 3, 2013. Id. at p. 2. On October 28, 2013, Petitioner filed a petition for writ of habeas corpus in the Supreme Court of North

Carolina, which was summarily denied. Resp't. Ex. 3 [DE-9-4], p. 2. Respondent filed the instant motion for summary judgment on December 3, 2014 [DE-8], and Petitioner filed his cross-motion for summary judgment on December 24, 2014 [DE-12]. Accordingly, this matter is ripe for adjudication.

## STATEMENT OF THE FACTS

The facts found at Petitioner's prison disciplinary hearing are as follows:

Based on the reporting party's statement, instructor Andrea Yates stated that on 2/13/13 at approximately 1330 hrs., she observed teacher's assistant Robert Bartlett #0693774 negligently fail to perform his assigned duties such as completeing [sic] task [sic] in a timely manner. Instructor Yates stated that inmate Bartlett failed to complete the correction of assignments, which is a daily duty. Instructor Yates states that she has reminded inmate Bartlett of this to try to prevent futher [sic] distractions. Instructor Yates states that inmate Bartlett works on unassigned computer projects that are not being used in class. She stated that inmate Bartlett displayed neglectful performance by not giving his full attention to the class and working on unneeded projects. Inmate is charged withn a D02 offense.

Following the reading of the summary of evidence, the inmate was explained his disciplinary and appeal rights. The inmate pled not guilty to the D02 offense. The inmate submitted written statement. The inmate requested statements from C/O Norris and a statement was obtained. The [inmate] requested that C/O Norris be present during his hearing. The inmate did not provide any rationale for wanting C/O Norris as a live witness, therefore the DHO denied the request based on duplication and relevance. The inmate requested that the video be viewed as physical evidence. Sgt. Officer Ward submitted a written statement regarding his review of the camera footage. Officer Ward reports that upon review, the camera footage does not show Ms. Yates outside the classroom at the time. During the hearing, the inmate claim[s] that he did not fail to perform his assigned duties. The inmate's written statement indicates that the job is high pressure with a tense work environment in which he is subject to public insults and humiliation by his supervisor. The inmate writes he was working rapidly and diligently and does not recall if Ms. Yates was present because she frequently leaves the room. The inmate writes that he continued to work up until the 18th and had no idea that he was being written up. The inmate writes that it is possible that he was correcting papers before or after lunch or recording students performance on the computer. The inmate writes that it is not possible that he was engaged in activities unrelated to his responsibilities in class. The inmate writes unless it was an occasion where Ms. Yates requested something for the class or her diabetes monitoring. The inmate writes that the video be reviewed if Ms. Yates was

2

in the classroom at the time of the offense and to address if any other staff, janitors or witnesses were present. The inmate writes that the students from Ms. Yates class on the 13th be present at the hearing. The inmate writes that they have all witnessed the way Ms. Yates treats him. The inmate writes that he might have been helping Sr. Aguilar or Sr. Nobles in which English is a second language. The inmate writes he may have been helping Mr. Hallman or tutoring Mr. Miller. The inmate writes that other potential witnesses include inmates Avery Bell, Johnson, King, Sullivan and others. The inmate writes that he also request TA Vinate in statement or person. The investigating officer's report indicates that a review of OPUS indicates that there is no inmate by the name of Vinate in the Department of Corrections. A copy of the OPUS search screen is attached. Inmate Jorge Aguilar submitted a written statement indicating, "I don't know anything about that." Inmate Isaiah Bell's written statement indicates, "I do not know." Inmate Kenneth King's written statement indicates, "No testment [sic]." Inmate Aquintas Miller's written statement indicates, "n/a" Inmate Jose Robles' written statement indicates, "I do not know anything about this." Officer Norris' written statement indicates he has no knowledge of what goes on in the classroom as far as job duties or performance. Based on the reporting party's statement and the investigating officer's report, the inmate is found guilty of the D02 for negligently failing to perform or complete his assignments. Punishment imposed per policy to deter this type of behavior.

Inmate restrained and unable to sign. He was provided a copy of the record of hearing, punishment and appeal form. This was witnessed by P. Buffkin.

Resp't. Ex. 1 [DE-9-2], pp. 23-24.

## DISCUSSION

A.   **Summary Judgment**

1.   **Standard of review**

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp, 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that

3

there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### 2. Analysis

Petitioner contends that his disciplinary conviction violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Pet. [DE-1], pp. 5-10. The Due Process Clause mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. Additionally, the findings of a prison disciplinary board must be supported by some evidence in the record, Walpole v. Hill, 472 U.S. 445, 454-55 (1985), and be made by an impartial adjudicator. Wolff, 418 U.S. at 570-71.

However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue. Id. Accordingly, "where success in the action would not necessarily spell immediate or speedier release" from imprisonment, a prisoner may not pursue his claims in a habeas corpus proceeding. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis in original). Instead, a civil rights action under 42 U.S.C. § 1983 provides the "appropriate remedy." See id.; see also, Hammer v. Pearson, No. 7:14-cv-00313, 2015 WL 467536, at *1 (W.D. Va. Feb. 3, 2015) ("Petitioner's sentence was not impacted by sentence of segregation. Thus, petitioner's claims do not lie within 'the core of habeas corpus' and may be brought, if at all, via 42 U.S.C. § 1983.") (quoting Wilkinson, 544 U.S. at 82).

4

Here, Petitioner did lose ten days of sentence reduction credits. Resp't. Ex. 1 [DE-9-2], p. 20. However, under North Carolina law, sentence reduction credits do not shorten the length of a life sentence but merely apply to custody status, parole eligibility, and potential commutation. Jones v. Keller, 698 S.E.2d 49 (N.C. 2010), cert. denied, 131 S. Ct. 2150, 179. Therefore, the Fourth Circuit has held that an inmate sentenced to life imprisonment in North Carolina does not have liberty interest in sentence reduction credits. Waddell v. Dep't of Correction, 680 F.3d 384, 395 (4th Cir. 2012). Because Petitioner does not have a cognizable liberty interest, he fails to state a due process claim.

Moreover, even if he had a liberty interest, Petitioner's claim would fail on the merits. Decisions by a disciplinary board to revoke good-time credits pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Walpole, 472 U.S. at 454. Federal courts will not review the accuracy of the disciplinary hearing officer's fact finding de novo or for clear error. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [disciplinary hearing officer]." Id. (quotation omitted).

The evidence presented during Petitioner's disciplinary hearing is summarized above, and the court finds that this evidence satisfies the "some evidence" standard, and the Due Process Clause was not violated. See, e.g., Walpole, 472 U.S. at 454–56; Baker, 904 F.2d at 932. As for the remaining Wolff requirements, Petitioner received advance written notice of the disciplinary charges and he received a written statement by the disciplinary hearing officer of the evidence relied on and the reasons for the disciplinary action. Resp't. Ex. 1 [DE-9-2]. Likewise, Petitioner was afforded an opportunity to call witnesses. Id. For these reasons, the instant petition is DISMISSED.

## B. Certificate of Appealability

Having determined that Respondent is entitled to summary judgment, the court must now consider whether Petitioner is entitled to a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the petition in light of the applicable standards, the court finds that reasonable jurists would not find the court's treatment of the petition debatable or wrong and that none of the issues are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Respondent's motion for summary judgment [DE-8] is ALLOWED, Petitioner's motion for summary judgment [DE-12] is DENIED, and the petition is DISMISSED. The court DENIES a certificate of appealability, and the Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the _17_ day of August, 2015.

*James C. Fox*

JAMES C. FOX
Senior United States District Judge